**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DIVISION OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| GEOVERA SPECIALTY INSURANCE COMPANY, | * * * |
| Plaintiff, | * |
| vs. | CASE NO.: _____ |
| | * * |
| DNB INVESTMENTS LLC, | * * |
| Defendant. | * * * |

**COMPLAINT FOR DECLARATORY JUDGMENT**

GEOVERA SPECIALTY INSURANCE COMPANY, ("Geovera"), petitions this Honorable Court pursuant to 28 U.S.C. § 2201 and Rule 57 of the *Federal Rules of Civil Procedure*, to take jurisdiction of this disputed matter between Geovera and Defendant DNB Investments LLC, ("DNB"), concerning the respective duties and obligations of Geovera and of Defendant under the policy of insurance issued by Geovera. In support of this Petition, Geovera states as follows:

**NATURE OF THIS ACTION**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 wherein Geovera seeks a declaration that it is not obligated to participate in an appraisal until such time as as it can be determined what issues and/or claims are to be appraised with regard to Defendant DNB's demand for appraisal pursuant to Geovera's policy of insurance.

2. Geovera seeks a declaration by this Court concerning its rights and obligations under Geovera Homeowners' Policy issued to DNB for real property located at 25829 Argonne Drive, Daphne, AL 36526.

## THE PARTIES

3. Geovera is a surplus lines insurance company incorporated in California whose principal place of business is in Fairfield, California. Geovera is duly authorized by the State of Alabama to issue homeowner's insurance policies for residential properties located in Alabama.

4. Defendant DNB Investments, LLC (hereinafter "DNB") is an Alabama corporation with its principal place of business in Mobile, Alabama. The members of DNB are Oscar C. Inez, Mirtha C. Inez and Carlos L. Inez. All members are residents and citizens of and domiciled in Mobile, Alabama.

## JURISDICTION AND VENUE

6. Geovera issued Homeowner's Policy No. GC90041253 to DNB for that real property located at 25829 Argonne Drive, Daphne, AL 36526 and had an effective period starting November 21, 2020 and ending November 21, 2021. A true and correct copy of Policy No. GC90041253 is attached hereto as Exhibit A. The potentially applicable limits of coverage under Policy No. GC90041253 are as follows:

> Section II
>
> Coverage A – Dwelling - $185,000
> Coverage C – Personal Property $9,250

(Exhibit A.)

7. Geovera has previously paid $34,519.01 on the claim.

8. This Court has jurisdiction over this cause by virtue of 28 U.S.C § 1332(b), in that there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other hand, and the amount in controversy (*e.g.*, the remainder of the Coverage A and Coverage C Policy Limits totaling $159,730.99) exceeds the sum or value of $75,000, exclusive of interest and costs.

## GENERAL BACKGROUND ALLEGATIONS

9. Geovera issued a homeowner's policy to DNB bearing policy number GC90041253 and having an effective period of November 21, 2020 through November 21, 2021 (the "Policy") for that real property having the physical address of 25829 Argonne Drive, Daphne, Alabama 36526 subject to all the terms and conditions stated in the Policy. (Exhibit A.)

10. On or around October 29, 2020, DNB reported a loss at the insured property. At that time, it was reported that there was a plumbing loss or leak at the property. The loss was inspected by an independent adjuster, and later reinspected. Contractors' estimates were submitted by DNB and the final payment was made to DNB on or about June 13, 2022. Geovera paid the entirety of the contractors' estimates less the applicable deductible.

11. On February 28, 2023, Geovera received a letter dated November 5, 2022, from counsel for DNB demanding appraisal. (Exhibit B.)

12. On March 3, 2023 the undersigned sent a letter to counsel for DNB requesting an examination under oath (EUO) of a representative of DNB and advising that the EUO was necessary before Geovera could participate in appraisal as further claim investigation was needed. (Exhibit C.)

13. The undersigned sent a revised EUO request letter on March 6, 2023 as a name had inadvertently been left out. (Exhibit D.)

14. On March 10, 2023, Shane Welch, Esq. on behalf of DNB, advised that he would provide some dates for his clients EUO. He advised that his client was available on April 5, 2023, after 3 pm if he could appear via zoom. (Exhibit E.)

15. At that time, it appeared that DNB was not represented by Alabama licensed counsel and the EUO could not go forward without same.

16. More than three months later on June 29, 2023, Ron Goode at Fortius Law advised that Alabama counsel had been retained as local counsel and stating that their client would be available any Tuesday through Thursday after 3 pm. (Exhibit F.)

17. Geovera through undersigned counsel provided several dates of availability. (Exhibit G.)

18. Those dates came and went with no response from DNB.

19. On October 12, 2023, Ashley Harrison on behalf of DNB followed up for additional dates.(Exhibit H.)

20. On October 12, 2023, the parties agreed to hold November 29, 2023 as the date for the EUO. (Exhibit I.)

21. On November 8, 2023, Geovera was advised "[DNB] wants your client to name their appraiser, then we can schedule the EUO thereafter." This is the first time that DNB insisted that Geovera name an appraiser (thereby agreeing to appraisal) before the EUO would be scheduled. (Exhibit J.)

22. On November 9, 2023 Geovera responded:

[W]hen we received the appraisal request in February of this year, we informed previous counsel that we could not submit to appraisal because we did not know what it is that we would be appraising. Specifically, our adjuster's estimate was in line with your clients [sic] contractors' estimates and that amount was paid. If you have different information please provide it and we will evaluate accordingly.

We sought to take the EUO to see what exactly the claim is as we were under the impression that it had been fully paid. If you would like, we can agree to reinspect the property to see what damage remains unpaid and go from there. However, we are not waiving our request for an EUO [requested] back in March of this year. Otherwise, we need some information on what we are appraising – hence the request for an EUO to which your client had previously agreed to submit.
(Exhibit K.)

23. No response was received from DNB and the EUO did not go forward on November 29, 2023 as previously agreed.

24. On December 27, 2023, counsel for DNB sent counsel for Geovera a letter stating that it would ask the Court "to move forward with requesting a court-appointed umpire." (Exhibit L.)

25. At no time had DNB ever proposed an umpire to which Geovera did or could disagree.

26. That day, DNB sent a letter to Judge Clark Stankoski requesting that he appoint an umpire. (Exhibit M.)

27. That correspondence was not sent to any representative of Geovera nor was Geovera made aware that any correspondence had been sent. Further, the letter itself does not indicate that Geovera and/or its counsel was copied on the letter. *Id.*

28. On January 2, 2024, counsel for Geovera received an email from DNB's counsel's office attaching a letter "order" from Judge Stankoski appointing James Pittman, Esq. as the umpire for appraisal. (Exhibit N.)

29. The letter to Judge Stankoski did not advise the Judge that the parties had thus far been unable to agree to appraisal.

30. Further the letter did not state that at any time DNB proposed an umpire to which Geovera disagreed.

31. Upon receipt of the letter order from Judge Stankoski, counsel for Geovera requested a copy of what was sent to Judge Stankoski.

32. That letter was received via return email. (Exhibit O.)

33. Judge Stankoski's letter order, through no fault of the judge himself, was issued without full knowledge of the facts and circumstances of the claim.

34. The letter order effectively acted to compel Geovera to an appraisal to which it did not agree.

35. Geovera has never refused appraisal. Rather, it requested a further investigation of the claim, as provided by the policy, before it could determine whether the appraisal provision is even applicable.

36. The appraisal portion of the policy states as follows:

**F. Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:
1. Pay its own appraiser; and
2. Bear the other expenses of the appraisal and umpire equally.

(Exhibit A, Bates p. DNB 000025.)

37. The provision requires that the parties "fail to agree on the amount of the loss." *Id.* As all contractor estimates have been paid and no other contractor estimates have been submitted showing outstanding unrepaired damage, Geovera has no information as to what the actual loss is.

6

Therefore, it can neither agree nor disagree. If there is no failure to agree, the appraisal provision has not been triggered.

## DECLARATORY JUDGMENT

38. Geovera incorporates by reference paragraphs 1-37 above as though set forth fully herein.

39. Geovera seeks a declaration from this Court confirming that Geovera owes no duty to participate in appraisal until such time as it has information sufficient to determine whether there is a disagreement as to the amount of the loss.

40. An actual controversy exists between Geovera and the Defendant with respect to its obligation to submit to appraisal with the umpire named by Judge Stankoski.

41. Geovera has a bona fide, actual, present and practical need for judicial declaration that it has no duty to participate in appraisal at this time.

42. Pursuant to 28 U.S.C § 2201 and F.R.C.P. 57, this Court has the authority to declare the rights, status, obligations, and other legal relations of the parties under the terms and provisions of the Policy and all applicable state or Federal law.

43. DNB's letter to Judge Stankoski was procedurally deficient in that it failed to state that Geovera had no agreed to participate in appraisal, failed to establish that the parties were unable to agree on an umpire, as one was never proposed by DNB and was improperly made as an *ex parte* communication.

44. Geovera further seeks a judgment declaring that the Circuit Court of Baldwin County did not have jurisdiction over the appraisal claim at that time of issuance of the *ex parte* order.

45. This controversy is of sufficient immediacy to justify the issuance of declaratory relief by this court.

46. The issuance of declaratory relief by this Court will terminate this controversy between the parties.

WHEREFORE, Geovera respectfully requests that this Honorable Court enter judgment declaring Geovera has no obligation to participate in the appraisal as ordered by Judge Stankoski of the Circuit Court of Baldwin County, Alabama as Judge Stankoski was not apprised of the actual nature of the dispute, or the parties involved therein at the time of the request for the order and the issuance of the order itself.

DATED this day, January 3, 2024.

> *s/Christina May Bolin*_____
> CHRISTINA MAY BOLIN (MAY032)
> GABRIELLE E. REEVES (REE052)
> *Attorneys for Geovera Specialty Insurance Company*

OF COUNSEL:

CHRISTIAN & SMALL, LLP
1 Timber Way, Ste. 101
Daphne, AL  36527
Email:  cmbolin@csattorneys.com
        gereeves@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants, on this the 3rd day of January 2024:

DNB Investments LLC
Oscar Anez
P.O. Box 7718
Mobile, AL  36670

> *s/Christina May Bolin*_____
> COUNSEL