IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GEOVERA SPECIALTY INSURANCE COMPANT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO. 24-003-JB-M |
| v. ) | |
| ) | |
| **DNB INVESTMENTS LLC,** ) | |
| ) | |
| **Defendant.** | |

## ORDER

This matter is before the Court on Defendant, DNB Investments, LLC's ("DNB") Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Procedure and brief in support thereof. (Docs. 6 and 7). Plaintiff, Geovera Specialty Insurance Company ("Geovera") has responded (Doc. 9), DNB has replied (Doc. 10), and a hearing was conducted on June 17, 2024. After careful review of the relevant filings and the arguments presented at the hearing, Defendant's motion to dismiss is **GRANTED**.[1]

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Geovera, filed this declaratory judgment action on January 3, 2024, seeking a declaration that it is not obligated to participate in an appraisal with Defendant "until such time as it can be determined what issues and/or claims are to be appraised with regard to Defendant DNB's demand for appraisal pursuant to Geovera's policy of insurance." (Doc. 1 at 1). According to the Complaint, Geovera issued a homeowner's policy to DNB for a property located in Daphne,

---

[1] Because this Court has determined it does not have subject matter jurisdiction, Geovera's Motion for Leave to Conduct Limited Discovery (Doc. 14) is **Moot.**

Alabama providing coverage from November 21, 2020 to November 21, 2021.  (*Id*. at 2).  The policy provided coverage for a dwelling in the amount of $185,000 and personal property in the amount of $9,250.  (*Id*.).  In October 2020, DNB reported a loss under the policy due to water. (*Id*. at 3).  An inspection(s) of the loss occurred, contractor's estimates were submitted, and a payment in the amount of the contractor's bid was paid in full less the deductible in June 2022. (*Id*.).  In February 2023, Geovera received a letter dated November 5, 2022, from DNB demanding appraisal.  (*Id*.).  In response, Geovera requested DNB submit to an examination under oath, which it indicated was a condition precedent to the appraisal process. (*Id*.)   After months of attempting to schedule an examination and once a November date was "held" as a possibility, DNB indicated to Geovera that it would submit to an examination only after Geovera named their appraiser.  (*Id*. at 4).

In December 2023, DNB sent Geovera a letter stating that it would "move forward with requesting a court-appointed umpire".  (*Id*. at 5).  DNB then sent a letter to a Baldwin County Circuit Court Judge, without copying Geovera, which resulted in the judge providing DNB with a letter "order" appointing an umpire for appraisal.  (*Id*.). According to Geovera, the state court judge was not fully informed of the underlying facts prior to his issuance of his "order" at DNB's request. (*Id*. at 6).

In light of the "order" compelling Geovera to engage in the appraisal process, Geovera filed the instant declaratory action seeking a declaration that "enter judgment declaring Geovera has no obligation to participate in the appraisal as ordered by Judge Stankoski of the Circuit Court of Baldwin County, Alabama as Judge Stankoski was not apprised of the actual nature of the dispute, or the parties involved therein at the time of the request for the order and the issuance

2

of the order itself." (*Id*. at 7).  According to the Complaint, this Court has jurisdiction pursuant to 28 U.S.C § 1332(b), in that the parties are diverse and the amount in controversy is $159,730.99, which consists of the policy limits minus the amount already paid by Geovera ($34,519.01).  (*Id*. at 2).

On February 1, 2024, DNB filed the instant motion to dismiss and supporting brief pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure asserting this Court lacks subject matter jurisdiction because the amount in controversy requirement has not been met and because Geovera failed to state a viable claim.  (Docs. 6 and 7).  Geovera has responded that the jurisdictional requirements have been met and a viable claim exists (Doc. 9) and DNB has replied.  (Doc. 10).   The Court will first address whether it has subject matter jurisdiction.

## II.   MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(1)[2]

DNB contends this action should be dismissed because Geovera has failed to demonstrate that the amount in controversy exceeds $75,000.00.[3]  (Doc. 6).  In response, Geovera asserts that the amount in controversy is satisfied per the policy limits of the contract for insurance or, alternatively, by considering the amount demanded by Plaintiff coupled with the damages DNB plans to seek in litigation if Geovera does not comply with the appraisal process.  (Doc. 9).

### A.   Legal Standard

District Courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

---

[2] Because DNB's motion to dismiss is a factual attack on subject matter jurisdiction this Court may consider matters outside the pleadings. *See Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990) ("'Factual attacks,' on the other hand, serve to challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'") (citation omitted).
[3] The parties do not dispute that they are diverse.

[c]itizens of different States ..." 28 U.S.C. § 1332(a)(1). In a diversity case, the court will not typically dismiss a case for lack of subject matter jurisdiction, "unless it appears to a 'legal certainty' that [a] plaintiff's claim is actually for less than the jurisdictional amount." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir.2000); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315–16 (11th Cir.2014) ("We have held that for amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective.") (citation and internal marks omitted). "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (citation omitted).

 1. **The Policy Limits**

Geovera first contends that the policy limits of the insurance contract ($159,730.99) satisfy the amount in controversy requirements set forth in 28 U.S.C. § 1332(a)(1). This Court is not persuaded. While the value of the object of litigation must be considered from Geovera's perspective, this action does not seek to declare coverage under the policy. Rather, Geovera only seeks a declaration that it does not have to submit to the appraisal process as instructed by a Baldwin County Judge. As such, the monetary value of the benefit that would be received by

Geovera if the relief it seeks were granted is not reasonably calculated by the full limits of the policy. This is true, especially when, as here, there is no extrinsic evidence to support that policy limits will be or might be paid to DNB.

Moreover, even if the relief sought by Geovera were granted, any estimate as to the value of benefit received by Geovera is, at best, uncertain. With respect to that uncertainty, all this Court can glean is that the potential amount of coverage that may ultimately be due under the policy, is somewhere between $39,445.75 and $159,730.99. Without more facts, any determination as to the amount in controversy is speculative which is not a proper basis for subject matter jurisdiction. See *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010) (divining the amount in controversy "only through speculation ... is impermissible"); *Crocker v. Lifesouth Community Blood Centers, Inc.*, 2016 WL 740296, *4 (S.D. Ala. Feb. 23, 2016) ("the amount in controversy cannot be satisfied by conjecture or speculation").

### 2. The Demand Letter

As to Geovera's alternative argument that amount in controversy is satisfied based on the demand letter from Plaintiff and the potential damages that DNB threatens to seek, the Court is, again, not persuaded. Generally, demand letters are relevant and may be considered in evaluating the § 1332 amount in controversy. See *Burns*, 31 F.3d at 1097 ("[w]hile [a] settlement offer, by itself, may not be determinative, it counts for something"). First, although the demand from DNB seeks $73,964.76, that amount includes the previous deductions and prior payments. As a result, the demand indicates an amount in controversy of $39,445.75, well short of the jurisdictional requirements of this Court. Second, Geovera's reliance on DNB's threat to seek additional damages for bad faith cannot bridge the gap between the demand amount and the

required $75,000.00 amount in controversy. While the Court is permitted to use common sense to extrapolate a likely monetary award, a distinction here, is that DNB has not filed a cause of action or asserted any claim for damages. As a result, potential damages that DNB may seek in the future were not tangible at the time the declaratory action was filed. *See Nationwide Property and Casualty Ins. Co. v. Dubose*, 180 F.Supp. 3d 1068, 1074 (S.D. Ala. April 12, 2016) ("the inescapable fact remains that the Duboses have not brought a bad-faith or breach-of-contract action against Nationwide based on the denial of uninsured/underinsured motorist coverage for the underlying accident. Thus, Nationwide's evidence of the defense costs it might incur if some hypothetical contingency were to come to pass (i.e., if the Duboses were to sue it) rests on conjecture and speculation, which this Court cannot indulge in a § 1332 jurisdictional analysis.") citing *Pretka*, 608 F.3d at 753–54; *Crocker*, 2016 WL at *4. As a result, even considering the extrinsic evidence in this action, this Court is not satisfied that Geovera has established by a preponderance of the evidence that the monetary value of the declaratory judgment sought in this case exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, this Court is without subject matter jurisdiction and dismissal is warranted.[4]

## CONCLUSION

For the reasons stated herein above, Defendant's Motion to Dismiss (Doc. 6) is **GRANTED.**

**DONE and ORDERED** this 15th day of August, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Because this Court lacks jurisdiction, DNB's alternative grounds for dismissal pursuant to Rule 12(b)(6) need not be addressed.